WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Bryan Shatzer, | No. CV-14-00634-PHX-BSB |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin, | |
| Defendant. | |

William Bryan Shatzer (Plaintiff) seeks judicial review of the final decision of the Commissioner of Social Security (the Commissioner) denying his application for benefits under the Social Security Act (the Act).  The parties have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b), and have filed briefs in accordance with Local Rule of Civil Procedure 16.1.   For the following reasons, the Court reverses the Commissioner's decision and remands for benefits.

## I.    Procedural Background

On August 17, 2010, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Act, and a Title XVI application for supplemental security income.  (Tr. 25.)[1]  Plaintiff alleged that he had been disabled since July 1, 2008.  (*Id.*)  Plaintiff later amended the disability onset date to March 1, 2010.  (*Id.*)  After the Social Security Administration (SSA) denied Plaintiff's initial application

---

[1]    Citations to "Tr." are to the certified administrative transcript of record. (Doc. 13.)

and his request for reconsideration, he requested a hearing before an administrative law judge (ALJ).  After conducting a hearing, the ALJ issued a decision finding Plaintiff not disabled under the Act.  (Tr. 25-37.)  This decision became the final decision of the Commissioner when the Social Security Administration Appeals Council denied Plaintiff's request for review.  (Tr. 1-7); *see* 20 C.F.R. § 404.981 (explaining the effect of a disposition by the Appeals Council).  Plaintiff now seeks judicial review of this decision pursuant to 42 U.S.C. § 405(g).

In his opening brief, Plaintiff alleges that the ALJ erred by failing to provide legally sufficient reasons for rejecting Plaintiff's subjective complaints, the lay opinion of his wife, and the opinion of treating physician Edward Song, M.D.  (Doc. 16 at 16-24.) Plaintiff asks the Court to reverse the Commissioner's decision and remand for an award of benefits.    (Doc. 16 at 24-26.)    In response to Plaintiff's opening brief, the Commissioner filed a "Brief Requesting Remand."  (Doc. 23.)  The Commissioner "concedes that the ALJ erred in evaluating the testimony of Plaintiff, the lay witness statement of Plaintiff's wife, and the opinions of Edward Song, M.D."  (*Id.* at 1-2.)  The Commissioner argues that the decision should be reversed, but the case should be remanded for further proceedings.  (*Id.* at 2.)  In his reply, Petitioner disagrees and argues that matter should be remanded for an immediate award of benefits because if the evidence that the ALJ erroneously rejected is credited as true, it supports a finding of disability.  (Doc. 26.)  As discussed below, the Court reverses the Commissioner's decision and remands for an award of benefits.

## II.    Medical Treatment Evidence

The record reflects that Plaintiff received continuing treatment for pain in multiple areas of his back, including his neck.  He was also treated for knee pain.  Diagnostic tests revealed degenerative disc disease in L2-3 and L5-S1  (Tr. 327), disc space narrowing and facet degenerative changes (Tr. 342), disc degeneration at L3-4, L4-5, and L5-S1 with right paracentral disc bulge at L3-4 and left sided disc bulge at L4-5 and L5-S1 (Tr. 366-67), severe degenerative disc disease at L5-S1 and severe facet arthropathy at

L4-5 and L5-S1 (Tr. 374), moderate disc height loss and spondylosis at C5-6 and moderate central spinal canal stenosis at that level (Tr. 409-10), postoperative changes at L4-5 and L5-S1 with associated disc space narrowing at L1-2 and L2-3 (Tr. 630), and disc protrusion at L5-S.1 (Tr. 771-72).

Plaintiff's treatment included back surgery (Tr. 314), narcotic pain medication (Tr. 315-16, 356-58, 751-54), epidural steroid injections (Tr. 315-16, 353-55, 445, 449), medial branch blocks (Tr. 362, 365, 473), the implantation of a lumbar spinal cord stimulator (Tr. 465-66, 474), radio frequency ablation (Tr. 473), fusion surgery from L4-S1 (Tr. 420-24), physical therapy (Tr. 529), cervical fusion of C5-6 (Tr. 660-62), and trigger point injections in the thoracic spine (Tr. 790-93).

## III.   Opinion Evidence

### A.   Edward Song, M.D.

On January 19, 2012, Dr. Song completed a Medical Assessment of Ability to do Work-Related Physical Activity.  (Tr. 653-54.)  Dr. Song opined that, in an eight hour work day, Plaintiff could sit for less than two hours, stand or walk less than two hours, and lift and carry less than ten pounds.  (Tr. 653.)  He also opined that Plaintiff could not bend, crawl, climb, kneel, crouch, balance, or stoop.  (*Id.*)  He opined that Plaintiff had moderately severe pain and fatigue.  (Tr. 654.)

On September 2012, Dr. Song completed a second Medical Assessment of Ability to do Work-Related Physical Activity.  (Tr. 773-74.)  He opined that in an eight hour work day, Plaintiff could sit for two hours, stand or walk for two hours, and lift and carry less than twenty pounds.  (Tr. 773.)  He also found that Plaintiff could not bend or stoop. (*Id.*)  He also opined that Plaintiff has moderately severe pain and fatigue.  (Tr. 774.)

### B.   Lay Opinion Testimony

Plaintiff's wife completed a third-party function report.  (Tr. 279-86.)  She stated that Plaintiff could not sit or stand for prolonged periods of time.  (Tr. 280.)  She stated that Plaintiff "strain[ed]" to put on socks and shoes, and that he had pain in his back and legs when bending.  (*Id.*)  She also stated that Plaintiff could make the bed, do dishes and

laundry, but his pain prevented him for doing other household chores and yard work. (Tr. 281.)

## IV.   The Administrative Hearing

Plaintiff was in his early fifties at the time of the administrative hearing and the ALJ's decision.  (Tr. 35.)  He has an eighth grade education.  (Tr. 53.)  Plaintiff had past relevant work as a concrete finisher.  (Tr. 35.)  Plaintiff testified that he had chronic back and left leg pain.  (Tr. 55-56.)  He testified that he could sit for fifteen to twenty minute at a time and stand for thirty minutes.  (Tr. 60-61.)  He stated that he would lie down for twenty to thirty minutes at a time four to five times per day.  (Tr. 62.)  He testified that he tried multiple injections and other forms of treatment without success.  (Tr. 58.)  The vocational expert testified that an individual with the limitations identified by Dr. Song, or the limitations described by Plaintiff, would be unable to perform sustained work. (Tr. 74-75.)

## V.   The ALJ's Decision

A claimant is considered disabled under the Social Security Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A) (nearly identical standard for supplemental security income disability insurance benefits).  To determine whether a claimant is disabled, the ALJ uses a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

### A.   The Five-Step Sequential Evaluation Process

In the first two steps, a claimant seeking disability benefits must initially demonstrate (1) that he is not presently engaged in a substantial gainful activity, and (2) that his medically determinable impairment or combinations of impairments is severe. 20 C.F.R. §§ 404.1520(b) and (c), 416.920(b) and (c).  If a claimant meets steps one and two, there are two ways in which he may be found disabled at steps three through five.

At step three, he may prove that his impairment or combination of impairments meets or equals an impairment in the Listing of Impairments found in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii).   20 C.F.R. §§ 404.1520(d), 416.920(d).   If so, the claimant is presumptively disabled.  If not, the ALJ determines the claimant's residual functional capacity (RFC).  20 C.F.R. §§ 404.1520(e), 416.920(e).  At step four, the ALJ determines whether a claimant's RFC precludes him from performing his past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant establishes this prima facie case, the burden shifts to the government at step five to establish that the claimant can perform other jobs that exist in significant number in the national economy, considering the claimant's RFC age, work experience, and education.   20 C.F.R. §§ 404.1520(g), 416.920(g).   If the government does not meet this burden, then the claimant is considered disabled within the meaning of the Act.

**B.    The ALJ's Application of the Five-Step Evaluation Process**

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged amended disability onset date, March 1, 2010.   (Tr. 27.)   At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease of the cervical spine, status post fusion of C5-6; degenerative disc disease of the lumbar spine, status post fusion of L5-S1; and hypertension (20 C.F.R. 404.1520(c) and 416.920(c))."  (*Id.*)  The ALJ found that Plaintiff did not have an impairment or combination of impairments that significantly limited (or was expected to significantly limit) his ability to perform basic work-related activities for twelve consecutive months.  (Tr. 28.)

The ALJ found that Plaintiff had the RFC to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) and SSR 83-10," with the following limitations: "the claimant cannot climb ladders, ropes or scaffolds but can perform all other postural activities occasionally; he can occasionally use the bilateral upper extremities for above shoulder level reaching; he must avoid concentrated exposure to unprotected heights and

excessive vibrations; and he must avoid concentrated exposure [to] moving machinery, except motor vehicles." (Tr. 28.)

The ALJ found that Plaintiff could not perform his past relevant work, but he could perform other work that existed in significant numbers in the national economy. (Tr. 35.) He concluded that Plaintiff had not been under a disability as defined in the Act from July 1, 2008 through the date of his decision. (Tr. 36.) Therefore, the ALJ denied Plaintiff's applications for a period of disability and disability insurance benefits and supplemental security income under Titles II and XVI of the Act. (Tr. 37.)

**VI.    Standard of Review**

The district court has the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court reviews the Commissioner's final decision under the substantial evidence standard and must affirm the Commissioner's decision if it is supported by substantial evidence and it is free from legal error. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even if the ALJ erred, however, "[a] decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Substantial evidence means more than a mere scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted); *see also Webb v Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). In determining whether substantial evidence supports a decision, the court considers the record as a whole and "may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (internal quotation and citation omitted). The ALJ is responsible for resolving conflicts in testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "When the evidence before the ALJ is subject to

1    more than one rational interpretation, [the court] must defer to the ALJ's conclusion."

2    *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004) (citing

3    *Andrews*, 53 F.3d at 1041).

4    **VII.   Plaintiff's Claims**

5           As set forth above in Section I, the parties agree that the ALJ erred by failing to

6    provide legally sufficient reasons for rejecting Plaintiff's subjective complaints, the lay

7    opinion of his wife, and the opinion of treating physician Edward Song, M.D.  (Doc. 16

8    at 16-14; Doc. 23 at 1-2.)   The parties also agree that the Court should reverse the

9    Commissioner's decision and remand to the ALJ.   The parties, however, dispute the

10   reason for remand.   Plaintiff argues this matter should be remanded for an award of

11   benefits (Doc. 16 at 245-26), and the Commissioner argues it should be remanded for

12   further proceedings.   (Doc. 23 at 3.)  Therefore, the Court considers whether to remand

13   for further proceedings or for an award of benefits.

14   **VIII.  Whether to Remand for Further Proceedings or for an Award of Benefits**

15          Because the parties agree that the ALJ erred in evaluating the testimony of

16   Plaintiff, the lay witness statement of Plaintiff's wife, and the opinions of Edward Song,

17   M.D, the Court reverses the Commissioner's decision.  The Court has the discretion to

18   remand the case for further development of the record or for an award benefits.  *See*

19   *Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998).   The decision to remand for

20   benefits is controlled by the Ninth Circuit's "three-part credit-as-true standard."

21   *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).  Under that standard, evidence

22   should be credited as true and an action remanded for an immediate award of benefits

23   when each of the following factors are present: "(1) the record has been fully developed

24   and further administrative proceedings would serve no useful purpose; (2) the ALJ has

25   failed to provide legally sufficient reasons for rejecting evidence, whether claimant's

26   testimony or medical opinion; and (3) if the improperly discredited evidence were

27   credited as true, the ALJ would be required to find the claimant disabled on remand."  *Id.*

28   (citing *Ryan v. Comm'r Soc. Sec.*, 528 F.3d 1194, 1202 (9th Cir. 2008)); *see also Benecke*

1   *v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).   As discussed below, Plaintiff has
2   satisfied all three factors of the credit-as-true rule.

3   ### A.   The First Factor

4   On the first factor, there is no need to further develop the record.  *See Garrison*,
5   759 F.3d at 1021 (citing *Benecke*, 379 F.3d at 595) ("Allowing the Commissioner to
6   decide the issue again would create an unfair 'heads we win; tails, let's play again'
7   system of disability benefits adjudication.")).   The Commissioner argues that further
8   proceedings are necessary to resolve several inconsistencies including: (1) whether
9   Plaintiff's alleged disability onset date in 2010 is inconsistent with Plaintiff's decision to
10  stop working in 2008 for non-medical reasons; and (2) whether Plaintiff's ability to help
11  with the laundry is inconsistent with Dr. Song's opinion that Plaintiff cannot bend in a
12  work setting.  (Doc. 24 at 4.)  These alleged inconsistencies do not justify remanding this
13  matter for further proceedings.

14  First, although Plaintiff stopped working in 2008, his disability onset date is two
15  years later.  (Tr. 27, 49.)  Medical records indicate that Plaintiff's symptoms increased
16  after 2008, which the ALJ recognized in his opinion.  (Tr. 35 (finding that, as of March
17  2010, the alleged onset date, Plaintiff was unable to perform his past work).)   In
18  December 2007, Plaintiff started treatment with Dr. Dawke, M.D.  At that time, Plaintiff
19  reported that his back pain was "mild to moderate." (Tr. 308.)  Dr. Dawke did not note
20  any posterior tenderness; and flexion, rotation, and straight leg raise signs were normal.
21  (Tr. 309.)   In March 2008, Plaintiff reported increased pain.   (Tr. 315.)   He was
22  prescribed hydrocodone and given injections.  (*Id.*).  By 2010, Plaintiff's back pain was
23  "getting worse."  (Tr. 332.)   He was referred for an MRI and prescribed Vicodin.
24  (Tr. 332-33.)  By March 15, 2010, treatment notes indicate that Plaintiff had a limited
25  range of motion of the lumbar spine, with pain on flexion and extension.  (Tr. 335.)
26  Plaintiff also had pain and difficulty toe and heel walking. (*Id.*)  Plaintiff was diagnosed
27  with chronic lumbago, herniated disc and sciatica, and was prescribed Percocet. (*Id.*)  In
28  April 2010, Plaintiff reported "a lot" of pain and was referred to pain management.

(Tr. 339, 341.)  In May 2010, Plaintiff's pain management specialist noted increased pain with activity, including sitting, standing, and lifting.   (Tr. 347-48.)   Plaintiff was diagnosed with post laminectomy syndrome and chronic pain syndrome.  (Tr. 349.)  The treatment notes also indicate that prescribed medications were ineffective.  (Tr. 351-53.)  In June 2010, an MRI confirmed worsening of Plaintiff's condition with degenerative disc disease, stenosis, and contact of the S1 nerve root.  (Tr. 366-67.)

Because the medical record shows that Plaintiff's condition worsened over time, there is no need to remand this matter for the ALJ to consider the alleged inconsistency between Plaintiff's allegations that his impairments preclude sustained work activity and his statement that he stopped working in 2008 for non-medical reasons.

Second, the Court does not find any inconsistency between Dr. Song's finding that Plaintiff could not bend during an eight-hour work day and the testimony of Plaintiff's wife that Plaintiff could bend while doing laundry or other activities of daily living.  (Tr. 653-64, 773-74.)  The Ninth Circuit recognizes a difference between postural activities at work, and postural activities related to activities of daily living.  *See Garrison*, 759 F.3d at 1016 (citing *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)).  "The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . , and is not held to a minimum standard of performance, as she would be by an employer.   The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases."  *Bjornson,* 671 F.3d at 647.   Because Plaintiff's activities of daily living, including doing laundry, are not inconsistent with Dr. Song's opinion that Plaintiff could not bend in a work setting, there is no need for further development of the record on this issue.

## B.    The Second and Third Factors

On the second factor, as the Commissioner concedes (Doc. 23 at 2), the ALJ failed to provide legally sufficient reasons for rejecting the opinions of treating physician

Dr. Song, the lay witness opinion, and Plaintiff's subjective complaints.   On the third factor, if the discredited evidence were credited as true, specifically Dr. Song's opinion and Plaintiff's testimony, the ALJ would be required to find Plaintiff disabled on remand because the vocational expert testified that a person with the sitting, standing, and walking limitations that Dr. Song identified, and an individual with the limitations that Plaintiff described, would be incapable of sustained full-time work.   (Tr. 74-75.) Therefore, based on this evidence, Plaintiff is disabled.  *See Garrison*, 759 F.3d at 1022, n.28 (stating that when the vocational expert testified that a person with the plaintiff's RFC would be unable to work, "we can conclude that [the plaintiff] is disabled without remanding for further proceedings to determine anew her RFC.").

Having concluded that Plaintiff meets the three criteria of the credit-as-true rule, the Court considers "the relevant testimony [and opinion evidence] to be established as true and remand[s] for an award of benefits[,]"   *Benecke*, 379 F.3d at 593 (citations omitted), unless "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled with the meaning of the Social Security Act."  *Garrison*, 759 F.3d at 1021) (citations omitted).

Considering the record as a whole, there is no reason for serious doubt as to whether Plaintiff is disabled.  *See Garrison*, 759 F.3d at 1021 (stating that that when the court conclude "that a claimant is otherwise entitled to an immediate award of benefits under the credit-as-true analysis, [the court has] flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.").  The ALJ failed to set forth specific and legitimate reasons supported by substantial evidence for rejecting Dr. Song's opinions and Plaintiff's subjective complaints.  When hypothetical questions were posed to the vocational expert incorporating those limitation, the vocational expert testified that such limitations would preclude an individual from sustained work activity. (Tr. 74-57.)   On the record before the Court, Dr. Song's opinions and Plaintiff's testimony should be credited as true and the case remanded for an award of benefits.

Accordingly,

**IT IS ORDERED** that the Commissioner's decision denying benefits is reversed and this matter is remanded for an award of benefits.

**IT IS FURTHER ORDERED** that the Commissioner's motion to remand for further proceedings (Doc. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in favor of Plaintiff and terminate this case.

Dated this 1st day of May, 2015.


Bridget S. Bade
United States Magistrate Judge